**Luya LIU, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.**

**Docket No. 01–2153.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 26, 2001.

Reargued: April 15, 2002.

Decided: June 4, 2002.

Jonathan J. Gass, Cleary, Gottlieb, Steen & Hamilton (Mitchell A. Lowenthal, Tanisha Massie, and Mary Ann Rekuc, on

the brief), New York, NY, for Petitioner–Appellant.

Krishna R. Patel, Assistant United States Attorney (Jeffrey S. Oestericher, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Respondent–Appellee.

Before VAN GRAAFEILAND, WINTER, and SACK, Circuit Judges.

SACK, Circuit Judge.

In *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court concluded that neither the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div. C, 110 Stat. 3009–546, nor the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, repealed federal habeas corpus jurisdiction under 28 U.S.C. § 2241. *St. Cyr*, 533 U.S. at 297, 121 S.Ct. 2271. The Court held that the petitioner, a "criminal alien,"[1] could avail himself of § 2241 to challenge collaterally a final order of removal. It emphasized that to repeal habeas corpus jurisdiction, "Congress must articulate specific and unambiguous statutory directives," *id.* at 299, 121 S.Ct. 2271, and that "[i]n this case, th[is] plain statement rule draws additional reinforcement from other canons of statutory construction," *id.*, in particular, the desire to avoid "[a] construction of the amendments at issue that would entirely preclude [judicial] review," *id.* at 300, 121 S.Ct. 2271, and thus raise constitutional doubts under the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, *see id.*

This appeal presents a single question: whether § 2241 also remains available to non-criminal aliens such as petitioner Luya Liu even though, unlike criminal aliens, they continue to enjoy the right to appeal directly from a final order of removal, mitigating the Suspension Clause concerns present in *St. Cyr*. The Third Circuit is the only circuit thus far to address this issue. It interpreted *St. Cyr* as holding that the relevant provisions of AEDPA and IIRIRA "do not indicate a congressional intent to repeal habeas jurisdiction," and it concluded that "[i]t simply cannot be that the meaning [of those provisions] will change depending on the background or pedigree of the petitioner." *Chmakov v. Blackman*, 266 F.3d 210, 215 (3d Cir.2001). Substantially for these reasons, we join the Third Circuit in holding that federal courts retain § 2241 habeas jurisdiction over petitions from criminal and non-criminal aliens alike. *Id.* at 215. We therefore reverse the district court's dismissal for want of jurisdiction and remand for further proceedings.

## BACKGROUND

Born in China in 1952, Liu, claims to have suffered persecution on account of her political opinions in both China and Japan. On April 26, 1995, Liu entered the United States at San Francisco. Two months later, on June 27, she applied *pro se* for asylum and withholding of deportation. Liu asserts that although she applied affirmatively, i.e., while legally in the United States, the INS never afforded her the non-adversarial interview required by 8 C.F.R. § 208.9. *See* Appellant's Br. at 7. On April 9, 1996, the INS began deportation proceedings against her. Liu conceded deportability but sought asylum on

---

1. "Criminal alien" denotes a non-citizen subject to removal for a specified category of criminal convictions; "non-criminal alien" denotes a non-citizen subject to removal for any other reason. *See Chmakov v. Blackman*, 266 F.3d 210, 212 n. 1 (3d Cir.2001).

the ground that she feared persecution in China.

On June 16, 1997, an immigration judge rejected Liu's application and ordered her to depart voluntarily within one month or be deported to China. Liu timely appealed to the Board of Immigration Appeals ("BIA"), which affirmed the judge's decision on December 2, 1998. The BIA found Liu's testimony to be internally inconsistent and not credible. It therefore reinstated the order that she depart voluntarily within thirty days or be deported. Liu sought to appeal the BIA's decision to this Court. Because she failed timely to file her petition for review, however, we dismissed the appeal on June 2, 1999, and on July 16, 1999, denied her petition for rehearing.

On January 3, 2000, Liu filed a *pro se* complaint in the United States District Court for the Southern District of New York. She alleged violations of her rights under the Fourteenth Amendment. The district court (Sidney H. Stein, *Judge*) construed Liu's complaint as a petition for a writ of habeas corpus. Adopting Magistrate Judge Douglas F. Eaton's recommendation, the court held that under the transitional rules established by IIRIRA, *see Henderson v. INS*, 157 F.3d 106, 117 (2d Cir.1998), Liu's sole means to obtain review of the BIA's decision consisted of a direct appeal to this Court; and that except in removal proceedings predicated on an alien's criminal conduct, federal courts lack habeas corpus jurisdiction to review BIA decisions. The district court therefore dismissed Liu's petition for want of jurisdiction.

Still acting *pro se*, Liu appealed the district court's judgment to this Court.

During the course of oral argument on October 26, 2001, we observed that neither Liu nor the government had briefed the question whether *St. Cyr*, which the Supreme Court had decided subsequent to the district court's ruling in this case, affected federal jurisdiction over Liu's habeas petition. The post 1996 availability of § 2241 habeas jurisdiction over petitions filed by non-criminal aliens is a matter of first impression in this Circuit. We therefore appointed counsel for Liu and rescheduled oral argument for April 15, 2002. Our decision today addresses solely the district court's jurisdiction. We neither express nor intend to imply a view on the merits of Liu's asylum application.

## DISCUSSION

### I. Standard of Review

We review *de novo* the district court's dismissal of a habeas petition for lack of subject matter jurisdiction. *United States v. White*, 237 F.3d 170, 172 (2d Cir.2001).

### II. The Scope of the Holding in *St. Cyr*

In *St. Cyr*, Enrico St. Cyr, a citizen of Haiti who was admitted to the United States as a lawful permanent resident but subsequently found removable for criminal conduct, sought habeas review of a final order of removal entered against him. 533 U.S. at 293, 121 S.Ct. 2271. The INS argued, however, that certain amendments to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, had stripped the federal courts of habeas corpus jurisdiction, viz., § 401 of AEDPA[2] and three sections of the IIRIRA, 8 U.S.C.

---

**2.** This section, entitled "Elimination of Custody Review by Habeas Corpus," repealed, *inter alia,* 8 U.S.C. § 1105a(a)(10) (1994), which had provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings."

§§ 1252(a)(1),[3] 1252(a)(2)(C),[4] and 1252(b)(9).[5] *See St. Cyr*, 533 U.S. at 298, 121 S.Ct. 2271.

The Supreme Court rejected this argument. It began with the proposition that "[f]or the INS to prevail it must overcome both the strong presumption in favor of judicial review of administrative action and the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." *Id.* at 298, 121 S.Ct. 2271 (footnote omitted). While the principal dissent suggested that IIRIRA had "unambiguously" repealed habeas jurisdiction "[i]n categorical terms that admit of no exception," *id.* at 327, 121 S.Ct. 2271 (Scalia, J., dissenting), the majority based its conclusion to the contrary in part on case law holding that "[i]n the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings," *id.* at 311, 121 S.Ct. 2271; and on the observation that the IIRIRA amendments refer to "judicial review," not habeas corpus, *id.* at 312–14, 121 S.Ct. 2271; *see also id.* at 299, 121 S.Ct. 2271 ("Implications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction; instead, Congress must articulate specific and unambiguous statutory directives to effect a repeal.") (citing *Ex parte Yerger*, 75 U.S. (8 Wall.) 85, 105, 19 L.Ed. 332 (1869)). The majority also emphasized that contrary to Justice Scalia's

contention, *see id.* at 329, 121 S.Ct. 2271 (Scalia, J., dissenting), § 401 of AEDPA repealed only the "specific habeas provision"—i.e., 8 U.S.C. § 1105a(a)(10) (1994)—that Congress enacted in 1961 as one of a number of amendments to the INA, *see id.* at 309–10, 121 S.Ct. 2271; and "its repeal cannot be sufficient to eliminate what it did not originally grant—namely, habeas jurisdiction pursuant to 28 U.S.C. § 2241," *id.* at 310, 121 S.Ct. 2271.

The Court then observed that "[i]n this case, the plain statement rule draws additional reinforcement from other canons of statutory construction," *id.* at 299, 121 S.Ct. 2271, in particular, the rule against constructions that raise constitutional doubts, *see id.* at 305, 121 S.Ct. 2271. Because Congress's 1996 amendments to the INA foreclose all other avenues of review for criminal aliens, "a serious Suspension Clause issue would be presented if [the Court] were to accept the INS's submission that the 1996 statutes have withdrawn [habeas jurisdiction] from federal judges and provided no adequate substitute for its exercise." *Id.* Emphasizing the historical use of habeas corpus jurisdiction as a means for aliens to challenge adverse executive action, the Court concluded that "habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA." *Id.* at 314, 121 S.Ct. 2271.

3. **General orders of removal**
   Judicial review of a final order of removal . . . is governed only by chapter 158 of Title 28 [governing review of final agency orders], except as provided in subsection (b) of this section. . . .
   8 U.S.C. § 1252(a)(1).

4. **Orders against criminal aliens**
   Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense. . . .

8 U.S.C. § 1252(a)(2)(C).

5. **Consolidation of questions for judicial review**
   Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.
   8 U.S.C. § 1252(b)(9).

In *St. Cyr*, the Court construed the relevant provisions of AEDPA and IIRIRA in the context of a habeas corpus petition filed by a criminal alien. Because collateral review pursuant to 28 U.S.C. § 2241 offered St. Cyr his sole avenue of review, implied repeal of § 2241 would have raised constitutional doubts under the Suspension Clause. But Suspension Clause concerns, the Court wrote, "simply reinforce[d] [its] reasons for requiring a clear and unambiguous statement" from Congress when Congress intends to repeal habeas jurisdiction. *Id.* at 305, 121 S.Ct. 2271.

Nothing in *St. Cyr* suggests that its holding—in substance, an extended exercise in statutory construction—applies only to criminal aliens. Indeed, as the Third Circuit, faced with the precise issue before us, aptly observed:

> The INS argues ... that although the relevant provisions of AEDPA and IIRIRA do not evince a congressional intent to repeal habeas jurisdiction for criminal deportees, they do evince such an intent for non-criminal aliens. That argument borders on the nonsensical. The Supreme Court has held that those provisions have a particular meaning, and that meaning does not indicate a congressional intent to repeal habeas jurisdiction. It simply cannot be that the meaning will change depending on the background or pedigree of the petitioner.

*Chmakov*, 266 F.3d at 215. We agree. The Court's decision in *St. Cyr* does not suggest, expressly or implicitly, that its holding that Congress did not repeal § 2241 by any provision of AEDPA or IIRIRA applies only to criminal aliens.

We cannot accept the grounds for distinguishing *St. Cyr* urged by Judge Roth in her dissent in *Chmakov*. To be sure, the Supreme Court considered in some detail the potential Suspension Clause concerns that would arise from construing AEDPA and IIRIRA to effect an implied repeal of 28 U.S.C. § 2241, thereby leaving criminal aliens without any avenue of judicial review. *See St. Cyr*, 533 U.S. at 299–305, 121 S.Ct. 2271. Unlike criminal aliens, non-criminal aliens can appeal an adverse decision of the BIA directly to the federal courts of appeals, mitigating the Suspension Clause concerns present in *St. Cyr*. *See Chmakov*, 266 F.3d at 214. The dissent in *Chmakov* seized upon this distinction to argue that in *St. Cyr*, "the clear statement requirement [wa]s a consideration at most secondary to the forum availability requirement," i.e., the desirability of avoiding the constitutional question that would be raised were no alternative forum available to a criminal alien. *Chmakov*, 266 F.3d at 217 (Roth, J., dissenting). But the *St. Cyr* Court referred repeatedly to the "forum availability requirement" as *reinforcing* the plain statement rule. *St. Cyr*, 533 U.S. at 299, 121 S.Ct. 2271 (observing that "the plain statement rule *draws additional reinforcement* from other canons of statutory construction") (emphasis added); *id.* at 305, 121 S.Ct. 2271 ("The necessity of resolving such a serious and difficult constitutional issue—and the desirability of avoiding that necessity—*simply reinforce* the reasons for requiring a clear and unambiguous statement of congressional intent.") (emphasis added). In any event, whatever the proper weight to be assigned to the various arguments marshaled in support of the Court's decision, *St. Cyr* held as a matter of statutory construction that "habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA." *St. Cyr*, 533 U.S. at 314, 121 S.Ct. 2271. The Court's construction of those statutes, which does not distinguish, expressly or implicitly, between criminal and non-criminal aliens, compels our conclusion.

We therefore join the Third Circuit in holding that "Congress has preserved the right to habeas review for both criminal and non-criminal aliens." *Chmakov*, 266 F.3d at 215.[6]

### III. Application to Liu

■ In her complaint, which the district court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Liu contends, *inter alia*, that the government violated her rights under the Due Process Clause and the Equal Protection Clause in connection with her removal proceedings. *See* Pet. of Jan. 3, 2000, at 2, ¶ 5; *id.* at 13, ¶ 6. We do not, as we already have noted, either express or intend to imply a view on the merits of Liu's claims. We do, however, emphasize that here, as in *Chmakov*, Liu's petition must not be construed to be "seeking review of any discretionary decision made by the Attorney General," *see* 266 F.3d at 215. The INA, as amended, plainly prohibits such review. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to [*inter alia*] execute removal orders...."); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482–84, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (construing § 1252(g)). But insofar as Liu challenges the constitutionality or "legality of the BIA's decision dismissing [her] claim for asylum and entering a removal order against [her]," *Chmakov*, 266 F.3d at 215, her petition "raises a pure question of law," *St. Cyr*, 533 U.S. at 298,

121 S.Ct. 2271, cognizable on collateral review. *See Heikkila v. Barber*, 345 U.S. 229, 235–36, 73 S.Ct. 603, 97 L.Ed. 972 (1953) (distinguishing judicial review from habeas corpus review and emphasizing that the latter "has always been limited to the enforcement of due process requirements"); *see also Atkinson v. INS*, No. 01–CV–3432, 2001 WL 1223481, at *5, 2001 U.S.Dist.Lexis 16428, at *18 (S.D.N.Y. Oct.15, 2001) (Mukasey, C.J.) (declining to delineate the "precise parameters of § 2241 review" but holding that it "does not extend so far as to permit the review of discretionary administrative determinations"). Pursuant to 28 U.S.C. § 2241, which "survives the [1996] amendments to the INA," *Jean–Baptiste v. Reno*, 144 F.3d 212, 220 (2d Cir.1998), the district court possesses subject matter jurisdiction over Liu's petition for a writ of habeas corpus.

### CONCLUSION

Because *St. Cyr* held that jurisdiction pursuant to 28 U.S.C. § 2241 survives the changes to the INA effected by AEDPA and IIRIRA, we conclude that the federal courts retain habeas corpus jurisdiction over § 2241 petitions filed by aliens regardless of their status or the reason for their removability. We therefore reverse the district court's dismissal of Liu's petition for want of jurisdiction and remand the case to the district court for further proceedings consistent with this opinion.

---

**6.** Before the Court's decision in *St. Cyr*, we noted that potential Suspension Clause concerns might arise from a construction of AEDPA and IIRIRA that effects an implied repeal of § 2241. In *Jean–Baptiste v. Reno*, 144 F.3d 212 (2d Cir.1998), while holding that those statutes divested us of non-habeas jurisdiction, *id.* at 218, we went on to consider in

*dicta* the constitutional concerns this conclusion might create but for the fact that "[n]othing in the language of either [AEDPA] or [IIRIRA] suggests that Congress expressly repealed § 2241, limited its scope, or eliminated the jurisdiction of the district courts under that statute...." *Id.* at 219.