**Yuen Shing LEE, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States of America, Edward McElroy, New York District Director of the Immigration and Naturalization Service, Respondents.**

No. 01 CV 0997 SJ.

United States District Court, E.D. New York.

Jan. 22, 2003.

Washington Square Legal Services, Inc., Immigrant Rights Clinic, New York, New

York, By: Nancy Morawetz, Melissa Chan, Legal Intern, Alina Das, Legal Intern, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, By: Kathleen Anne Nandan, Assistant United States Attorney, for Respondents, of counsel.

### MEMORANDUM AND ORDER

JOHNSON, District Judge.

This Court previously granted Petitioner Yuen Shing Lee's ("Petitioner") *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (" § 2241"), by Memorandum and Order dated July 15, 2001. Respondents John Ashcroft, Attorney General of the United States, and the Immigration and Naturalization Service thereafter filed a Motion to Alter or Amend the Judgment pursuant to Rule 59(3) of the Federal Rules of Civil Procedure ("Rule 59(3)"). Respondents, noting that "[t]he July 15 Decision has ramifications extending far beyond this case," (Resp.'s Mot. at 1) request that the Court alter or amend its judgment in order to remedy an alleged "clear error of law" in its findings on the definition of the term "national." In recognition of the potential significance of the holding to matters and issues external to this case, the Court reopened the matter and appointed Washington Square Legal Services, Inc. as *pro bono* counsel for Petitioner Lee. Having accepted briefs and oral argument from both parties and carefully reconsidered the issues, the Court believes that its initial decision was in accord with the existing law. However, the Court agrees with Respondents that this Court does not have jurisdiction over Petitioner's claim of nationality. Accordingly, this petition is transferred to the Court of Appeals for the Second Circuit.

### BACKGROUND

■ The Court assumes familiarity with the facts and arguments presented in this case and laid out in its previous decision of July 15, 2002, *Lee v. Ashcroft*, 216 F.Supp.2d 51 (E.D.N.Y.2002). In that decision, the Court held that Petitioner could not be deported as an alien because he had demonstrated his allegiance to the United States and therefore qualified as a "national" of the United States. Respondents now argue that the term "national" is limited to inhabitants of United States territories and that the phrases "owing allegiance" and "permanent allegiance" to the United States can only be defined in reference to these inhabitants. Further, Respondents urge that even if national status was not limited to residents of U.S. territories, Petitioner has failed to meet the requirements for such status, because no such showing, other than birth in a United States territory, may suffice to demonstrate allegiance to the United States. Petitioner counters that the text of the immigration statute, case law, and principles of statutory interpretation all support the Court's July 15 Decision. Petitioner also asks the Court to reconsider its finding that the Child Citizenship Act of 2000 does not apply retroactively to his case. However, all of these arguments on the merits of the case are superceded by Respondents' claim, raised for the first time in their Reply brief, that this Court does not have jurisdiction over Petitioner's claim, and that it must be transferred to the Court of Appeals.[1]

---

1. Although the government did not raise this issue previously, the defense of lack of subject matter jurisdiction cannot be waived and may be asserted at any time. *See Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir.1996); Fed.R.Civ.P. 12(h).

## DISCUSSION

■ The government urges the Court to decline further jurisdiction over this matter and to transfer the petition to the Court of Appeals. Title 8 of the United States Code, Section 1252(b)(5) (" § 1252(b)(5)") provides that judicial review over claims of nationality is properly found in the courts of appeals, which are to decide such claims where no genuine issue of material fact is presented. Where issues of material fact are presented, the court of appeals is to then transfer the proceeding to the appropriate district court for a hearing and decision. 8 U.S.C. § 1252(b)(5)(B). "[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States." *Chau v. INS*, 247 F.3d 1026, 1028 n. 2 (9th Cir. 2001). *See also Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001) ("Title 8 U.S.C. § 1252(b)(5)(A) requires the court of appeals to decide the issue '[i]f the petitioner claims to be a national of the United States' and the facts—as here—are not in dispute.").

Petitioner counters that this provision does not apply here, because the government has failed to distinguish between judicial review, as may be sought under § 1252(b)(5), and habeas corpus review, as sought under 28 U.S.C. § 2241, as Petitioner has done here. The Supreme Court held in *INS. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that federal courts retain habeas corpus jurisdiction, despite the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which amended the Immigration and Nationality Act ("INA") to limit the use of court review of deportation orders. In *Luya v. INS*, 293 F.3d 36 (2d Cir.2002), the Second Circuit recently extended the holding of *St. Cyr* to permit federal court habeas corpus review of removal proceedings involving non-criminal aliens and specifically upheld the district courts' right to review. Petitioner argues that the same reasoning should be applied to additional sections of the INA, including § 1252(b)(5).

The Court notes that other district courts have considered nationality claims of petitioners in removal proceedings. *See e.g. Barton v. Ashcroft*, 171 F.Supp.2d 86 (D.Conn.2001) (deciding petitioner's claim of derivative citizenship); *Cartagena–Paulino v. Reno*, No. 00 Civ. 2371, 2001 WL 536934 (S.D.N.Y., May 18, 2001) (finding that district courts' jurisdiction to entertain petitions filed by aliens seeking habeas corpus relief from deportation orders under 28 U.S.C. § 2241 includes all claims that are purely legal in nature, including a constitutional challenge to deportation proceedings involving claims of derivative citizenship.). Yet every court that has considered the application of § 1252(b)(5) has acknowledged that such claims must be heard first in the courts of appeals, even in the context of habeas corpus review. *See e.g. Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002) ("The District Court correctly dismissed Taniguchi's citizenship claim for lack of jurisdiction, as such claims must be brought in the court of appeals."); *Batista v. Ashcroft*, 270 F.3d 8, 12 (1st Cir.2001) (accepting jurisdiction over a habeas petition raising citizenship claims after it was improperly filed in the district court and transferred to the court of appeals pursuant to 28 U.S.C. § 1631); *Nguyen v. INS*, 208 F.3d 528, 532 n. 3 (5th Cir.2000) ("8 U.S.C. § 1252(b)(5) ... concludes that if there is no genuine issue of material fact presented as to the petitioner's nationality the court of appeals should decide the issue."); *Rodriguez v. Ashcroft*, No. 02 Civ. 1188, 2003 WL 42018, at *4

(S.D.N.Y. Jan. 6, 2003) (Gorenstein, Mag. J.) ("Courts construing this rather awkwardly-worded statute [§ 1252(b)(5) ] have uniformly concluded that review of nationality claims in the context of removal orders must occur in the first instance in the courts of appeals."); *Maragh v. Girdich*, No. 02 Civ. 2965, 2003 WL 18484, at *3 n. 2 (S.D.N.Y. Jan. 2, 2003) (Gorenstein, Mag. J.) ("While Maragh makes reference to a potential claim of derivative citizenship, that allegation cannot confer subject matter jurisdiction on the Court. Jurisdiction over such a claim made as part of a challenge to a removal order lies solely in the United States Court of Appeals for the Second Circuit—not this Court—as provided in 8 U.S.C. § 1252(b)(5)."); *Alvarez–Garcia v. Ashcroft*, No. 02 Civ. 4657, 2002 WL 31798837, at *6–*7 (S.D.N.Y. Oct. 21, 2002) (McMahon, J.) ("District courts do not have jurisdiction over nationality claims. The sole and exclusive avenue for review of a claim of nationality is by direct petition for review to the United States Court of Appeals for the Second Circuit. . . . The appropriate course of action is to transfer the case to the proper court—which I do, in the interests of justice.") (internal citations and quotations omitted); *Hussin v. Ashcroft*, No. 01 Civ. 1239, 2002 WL 31027604, at *2 (E.D.N.Y. Sept. 12, 2002) (Block, J.) ("The plain language of § 1252(b)(5) precludes district courts from considering Hussein's claim of entitlement to United States national status in the first instance. As expressly provided therein, the claim must be presented to the court of appeals."); *Rivas v. Ashcroft*, No. 01 Civ. 5871, 2002 WL 2005797, at *4 (S.D.N.Y. Aug. 29, 2002) (Baer, J.) ("Rivas's claim of derivative citizenship, even if an effective argument, is not properly before this Court. The immigration laws require that Rivas instead present his nationality claim in a petition for review in the appropriate court of appeals, in this case, the Second Circuit.").

■ Because § 1252(b)(5) does not preclude habeas review, but instead provides a forum for review in the courts of appeals, the reasoning of *St. Cyr* and *Liu* is not necessary to prevent the miscarriage of justice that would result if petitioners had no forum in which to seek review of removal orders based on national or citizenship status. *See Taniguchi*, 303 F.3d at 955 ("This court has held that 8 U.S.C. § 1252(b)(5) does not foreclose completely the writ of habeas corpus. District courts retain jurisdiction under 28 U.S.C. § 2241 when the petitioner has no other remedy. Here, though, § 1252(b)(5) provides a specific remedy. It is the exclusive means of determining U.S. citizenship for aliens in removal proceedings. Thus jurisdiction was lacking in the district court for a determination of citizenship under § 2241 because another statutory remedy is available to establish citizenship.") (internal citations omitted). Accordingly, this Court finds that it may not pass judgment on either of Petitioner's claims involving nationality: his claim of derivative citizenship under the Child Citizenship Act of 2000, or his status as a national of the United States. *See* 28 U.S.C. § 1631 (stating that whenever a court finds that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought").

## CONCLUSION

For the foregoing reasons, the Court finds that it does not have jurisdiction over Petitioner's application for a writ of habeas corpus seeking clarification of his status as a citizen or national of the United States. Accordingly, this petition is hereby trans-

ferred to the Court of Appeals for the Second Circuit.

SO ORDERED.