**Harmeet SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–8439.

United States Court of Appeals, Second Circuit.

Oct. 9, 2003.

Harmeet Singh, Astoria, NY, on submission, for Petitioner, pro se.

Megan L. Brackney, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Meredith E. Kotler, Assistant United States Attorney, on the brief), on submission, for Respondent.

Present: MINER, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

On May 12, 1998, Petitioner Harmeet Singh filed an application for asylum and withholding of removal based on his claim that he, as a Sikh, would be persecuted if he was returned to his native India.[1] On May 20, 1999, an Immigration Judge denied Petitioner's application and issued an order of removal. On June 14, 1999, Petitioner, through counsel, appealed that decision to the Board of Immigration Appeals (BIA). On April 26, 2002, the BIA summarily dismissed the appeal because Petitioner's counsel failed to submit a brief to the BIA by the deadline given. Petitioner did not petition for review of the BIA's decision.

On July 24, 2002, Petitioner, apparently proceeding *pro se,* filed with the BIA a two-page "motion to reconsider," which as-

---

1. Petitioner claimed that, while living in Punjab, he had been persecuted for his participation in a Sikh political organization. We will not recount the particular evidence that Petitioner offered in support of his application.

serted that circumstances for Sikhs in Punjab had changed for the worse. On December 5, 2002, the BIA, treating the filing as a "motion to reopen," denied the motion because it was not supported by independent, documentary evidence and because it failed to explain how the alleged country changes specifically affected his claim for asylum. Petitioner filed a timely petition for review.

The BIA's decision to deny a motion to reopen is reviewed for an abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). We hold that the BIA did not abuse its discretion when it denied Petitioner's motion because it was not supported by "affidavits or other evidentiary material." *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.... A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...."). Accordingly, we dismiss the petition for review.

Our decision, of course, does not prejudice Petitioner's right to file a new motion to reopen pursuant to 8 C.F.R. § 1003.2(c)(3)(ii) (providing an exception to the rule that an alien may submit only one motion to reopen and that an alien must do so within 90 days of a final decision, where an alien files a motion to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is mate-

rial and was not available and could not have been discovered or presented at the previous hearing.").[2] Because it is likely that Petitioner's failure to support his motion with proper documentary evidence was attributable to his *pro se* status, we trust that the BIA will give full consideration to a new, properly supported motion, if Petitioner chooses to file one. The BIA, like any tribunal, must take special care to ensure that technical procedural requirements do not operate, to an undue degree, to deprive *pro se* parties of the opportunity to assert their claims. *Cf. Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir.2002) ("Because aliens appearing pro se often lack the legal knowledge to navigate their way successfully through the morass of immigration law, and because their failure to do so successfully might result in their expulsion from this country, it is critical that the IJ scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.") (internal quotation marks omitted).

In addition, since the record shows that the BIA summarily dismissed Petitioner's direct appeal because of his counsel's failure to file a timely brief, we note that it is possible that Petitioner was denied effective assistance of counsel in violation of the Fifth Amendment. *See Iavorski*, 232 F.3d at 128–29 (ineffective assistance of counsel in deportation proceedings impinges on the fundamental fairness of the proceedings in violation of the Fifth Amendment Due Process Clause). It remains open to Petitioner to raise this Fifth Amendment claim in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Chmakov v. Blackman*, 266 F.3d 210 (3d Cir. 2001) (holding that district court had jurisdiction to entertain a habeas petition by

---

**2.** Petitioner may also submit a new application for asylum on the basis that country conditions changed since his last application pursuant to 8 U.S.C. § 1158(a)(1), (a)(2)(D); 8 C.F.R. § 208.4(a)(4).

non-criminal aliens alleging deprivation of their Fifth Amendment right to effective assistance of counsel during asylum proceedings); *see also Liu v. INS*, 293 F.3d 36, 37 (2d Cir.2002) (joining *Chmakov* in holding that federal courts have jurisdiction over habeas petitions from criminal and non-criminal aliens alike).

We have considered all of Petitioner's claims and find them to be without merit. Accordingly, we DENY the petition for review.