**Michael ANDERSON, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 04–2080.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

Michael Anderson, Batavia, NY, for Appellant, pro se.

Michael A. Battle, United States Attorney for the Western District of New York (Monica J. Richards, Assistant United States Attorney), Buffalo, NY, for Appellee, of counsel.

PRESENT: NEWMAN, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

The petitioner, Michael Anderson, appeals from the March 26, 2004, judgment of the United States District Court for the Western District of New York denying his 28 U.S.C. § 2241 petition for habeas corpus. Anderson argues that he is eligible for relief from removal pursuant to Immigration and Nationality Act ("INA") §§ 212(c) (now repealed) and 240A(a) (8 U.S.C. § 1229b(a)).

Federal courts have jurisdiction to review on habeas petition challenging removal only "purely legal statutory and constitutional claims." *Sol v. I.N.S.*, 274 F.3d

648, 651 (2d Cir.2001) (citation and internal quotation marks omitted); *see also Liu v. I.N.S.*, 293 F.3d 36, 41 (2d Cir.2002). On appeal, we review *de novo* district court denials of section 2241 habeas petitions. *Kuhali v. Reno*, 266 F.3d 93, 99 (2d Cir. 2001).

■ Regarding Anderson's eligibility for waiver from removal under former INA § 212(c) (8 U.S.C. § 1182(c)), the government concedes that if his 1992 conviction pursuant to a guilty plea had been his only conviction, then, because the plea occurred before Congress's enactment of the 1996 INA amendments repealing the provision for waiver from removal, Anderson would be eligible for such a waiver under *I.N.S. v. St. Cyr*, 533 U.S. 289, 295, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Because Anderson's 2001 conviction occurred after the enactment of the 1996 INA amendments, however, we agree with the district court's conclusion that Anderson is ineligible for the section 212(c) relief that the amendments eliminated.

■ Anderson also argues that his 2001 conviction—a state conviction for the misdemeanor sale of marijuana in the fourth degree under New York State law—is not an "aggravated felony" under INA § 101(a)(43)(B) (8 U.S.C. § 1101(a)(43)(B)). Therefore, he contends, he remains eligible for cancellation of removal under section 240A(a) (8 U.S.C. § 1229b(a)), which provides that the Attorney General may cancel removal of an alien only if, *inter alia*, he or she "has not been convicted of any aggravated felony," 8 U.S.C. § 1229b(a)(3).

An "aggravated felony" for these purposes is defined, however, to include "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18)." INA

§ 101(a)(43)(B) (8 U.S.C. § 1101(a)(43)(B)). 18 U.S.C. § 924(c)(2), in turn, provides that "'drug trafficking crime' means any felony punishable under [*inter alia*] the Controlled Substances Act (21 U.S.C. [§ ] 801 et seq.)." Under the Controlled Substances Act, a felony is defined as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). An offense is classified by federal law as a felony if "the maximum term of imprisonment authorized" is more than one year. 18 U.S.C. § 3559(a).

Because Anderson committed his 2001 offense after a prior conviction for a felony drug offense, if he were federally prosecuted therefor under the Controlled Substances Act, it would carry a possible maximum sentence of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(D). It would therefore be a felony punishable under the Act, which would render it a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B), which is an "aggravated felony" under that section. Because Anderson's 2001 offense was thus properly classified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B), he is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.