Yuen Shing LEE, Petitioner–Appellee–
Cross–Appellant,

v.

John ASHCROFT, Attorney General of
the United States of America; Edward
McElroy, New York District Director
of the Immigration and Naturaliza-
tion Service, Respondents–Appellants–
Cross–Appellees.

Docket No. 03–2522L, 03–2529XAP.

United States Court of Appeals,
Second Circuit.

Aug. 8, 2005.

Alina Das, Legal Intern (Michael Wish-
nie and Nancy Morawetz, Attorneys; and
Melissa Chan, Legal Intern, on the brief),
Washington Square Legal Services, Inc.,
New York, NY, for Petitioner.

Kathleen A. Nandan, Assistant United
States Attorney (Roslynn R. Mauskopf,
United States Attorney for the Eastern
District of New York; Varuni Nelson and
Steven Kim, Assistant United States At-
torneys, on the brief), Brooklyn, NY, for
Respondent.

Present: WALKER, Chief Judge,
MINER, and CABRANES, Circuit
Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgement of
the district court is **AFFIRMED** in part
and **REVERSED** in part and the case is
**REMANDED** to the district court with
instructions to deny Lee's petition.

The government appeals from a June 6,
2003, judgment of the District Court for

the Eastern District of New York (Sterling Johnson, Jr., *Judge*) granting petitioner-appellee-cross-appellant Lee's petition for a writ of habeas corpus, and enjoining the government from removing Lee from the United States. Lee cross-appeals from that same district court judgment, insofar as it denied him derivative citizenship under the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431. Familiarity with the facts and procedural history is assumed. *See Lee v. Ashcroft,* 216 F.Supp.2d 51 (E.D.N.Y.2002), *vacated,* 268 F.Supp.2d 150 (E.D.N.Y.2003), *reinstated,* No. 01–CV–0997, 2003 WL 21310247 (E.D.N.Y. May 27, 2003).

█ In an opinion issued today in *Marquez–Almanzar v. INS,* 418 F.3d 210 (2d Cir.2005), we reject the argument, made by Lee in this case and relied on by the district court in granting his petition, that an individual can become a noncitizen national under 8 U.S.C. § 1101(a)(22)(B) by demonstrating permanent allegiance to the United States. We therefore reverse the district court decision insofar as it granted Lee's petition and enjoined the government from removing him under the immigration laws.

█ As Lee concedes, his argument that the CCA operates retrospectively to bestow derivative citizenship upon him is foreclosed by our decision in *Drakes v. Ashcroft,* 323 F.3d 189, 191 (2d Cir.2003). We thus affirm the district court's decision insofar as it denied Lee's CCA claim.

Having found that our decision on the merits of this appeal is dictated by established circuit precedent, we do not rule on the various jurisdictional issues raised by Lee's case. *See Ctr. for Reprod. Law and Policy v. Bush,* 304 F.3d 183, 195 (2d Cir.2002).

We have carefully considered Lee's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED** to the district court with instructions to deny Lee's petition.