SUMMARY ORDER
Plaintiff Luya Liu, proceeding pro se, appeals from the denial of her motions for a preliminary injunction and for the entry of a default judgment and from the granting of defendant’s motion to dismiss. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
“On appeal from a judgment entered pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, we review conclusions of law de novo.” See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir.2009) (internal quotation marks omitted). “Where, as here, the case is at the pleading stage and no evidentiary hearings have been held, in reviewing the grant of a motion to dismiss” under Rule 12(b)(1) “we must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiffs favor.” Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir.2008) (internal quota *23 tion marks and alterations omitted). We review the denial of a motion for entry of a default judgment for abuse of discretion. See Shah v. New York State Dep’t of Civil Serv., 168 F.3d 610, 615 (2d Cir.1999).
We identify no error in the district court’s dismissal of Liu’s complaint and denial of injunctive relief. Insofar as Liu sought an order directing defendant to issue her a refugee travel document, the district court correctly concluded that such relief was not available because Liu has not exhausted her administrative remedies by filing a Form I-131 with the appropriate agency as required by 8 C.F.R. § 223.2.[1] As for Liu’s challenge to her final order of removal, the district court lacked jurisdiction over that claim.[2] See 8 U.S.C. § 1252(a)(5) (providing, with exceptions not relevant here, that “a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal”).
Further, the district court did not abuse its discretion in denying Liu’s motion for a default judgment because, as discussed above, she had not demonstrated entitlement to relief. See Fed.R.Civ.P. 55(d).
We have considered all of Liu’s remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED. Liu’s February 23, 2009 motion to vacate the district court’s order denying her request for in-junctive relief is DENIED as moot.

. To the extent that this claim is premised upon Liu's allegation that she was granted refugee status in 1998, we note that, in a prior related action, the record indicated that Liu’s asylum application was in fact denied. See Liu v. INS, 293 F.3d 36, 38 (2d Cir.2002).

. As the district court noted, Liu may challenge the in absentia removal order by filing a motion to reopen. See 8 C.F.R. § 1003.23(b)(4)(h) (“An order entered in ab-sentia pursuant to section 240(b)(5) may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he or she did not receive notice in accordance with sections 239(a)(1) or (2) of the Act....").