**UNITED STATES of America,**
**Appellee,**

v.

**Charles WHITE, a/k/a "Mr. Buck",**
**and Fabian Hart, Defendants–**
**Appellants.**

**Nos. 00–1039(L), 00–1040.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 15, 2000.

Decided Jan. 10, 2001.

Barbara D. Cottrell, Assistant United States Attorney, Albany, New York (Daniel J. French, United States Attorney for the Northern District of New York, Gregory A. West, Assistant United States Attorney, Syracuse, NY, on the brief), for Appellee.

Stanley L. Cohen, New York, NY, for Defendants–Appellants.

Before KEARSE, LEVAL, and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge:

On October 29, 1998, defendants Charles White and Fabian Hart ("defendants") entered conditional pleas of guilty to separate one-count Informations charging them with violating 31 U.S.C. § 5313(a) (1994) by willfully failing to prepare and file IRS Form 8300 reports of currency transactions in which they received more than $10,000 in cash, as required by 26 U.S.C. § 6050I.[1] The conditional pleas reserved for review by this Court the issue whether defendants, as Mohawks conducting business within the St. Regis Mohawk Indian Reservation, a/k/a "Akwesasne" ("the Reservation"), were "as a matter of law, required to prepare and file the ... Form 8300 [reports] for cash transactions exceeding $10,000." We hold that defendants were required to prepare and file such reports and affirm defendants' respective judgments of conviction and sentences.

## BACKGROUND

On June 20, 1997, Hart and White (along with 19 others) were indicted in the United States District Court for the Northern District of New York on charges of conspiracy, money laundering, and racketeering, based on their roles in a scheme to smuggle significant amounts of alcohol and tobacco from the United States into Canada through the Reservation, which straddles the border between the two nations. A superceding indictment containing essentially the same charges was filed on July 10, 1997. Several defendants, including Hart and White, moved the district court to dismiss the superceding indictment on April 20, 1998. The district court denied the motion on October 7, 1998.

On October 29, 1998, Hart and White waived their right to an indictment and separate one-count Informations against them were filed with the district court. The Informations charged Hart and White with willfully violating Section 6050I by failing to prepare and file Form 8300 reports of currency transactions in which they received cash payments in excess of $10,000. During the plea proceedings, Hart and White each moved the district court to dismiss their Informations, claiming that they were not required to file Form 8300 reports for transactions conducted exclusively within the Reservation. The district court denied these motions.

Hart and White then entered conditional pleas of guilty, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, to their Informations. In their respective plea agreements, Hart and White acknowledged that between January 1, 1991 and June 20, 1997, they each operated separate wholesale warehouses—located within the portion of the Reservation that is within the borders of the United States—where they sold large quantities of cigarettes and liquor. Furthermore, Hart and White admitted that they knew that United States law provides that cash transactions involv-

---

1. We note that in the course of correctly charging the offense of willful failure to file currency transaction reports on Internal Revenue Service Form 8300, as required by 26 U.S.C. § 6050I, the Informations added the incorrect assertion that this conduct violated 31 U.S.C. § 5313(a). The latter section cov- ers the requirement on financial institutions to file reports on IRS Form 4789, not the requirement to file reports on Form 8300. As no prejudice or confusion resulted from this surplusage, and it is not raised on appeal, we mention the point only for clarification.

ing more than $10,000 must be reported to the IRS, yet on numerous occasions during the aforementioned period of warehouse operation, they accepted such cash payments and willfully failed to prepare and file Form 8300 reports of these transactions. The pleas were conditional in that they reserved for review by this Court the issue whether, as Mohawks residing and conducting business within the Reservation, defendants were required to prepare and file Form 8300 reports.

On December 28, 1999, Hart was sentenced to fifteen (15) months imprisonment, ordered to forfeit certain assets, and fined $10,000. White was sentenced to five (5) months imprisonment, ordered to forfeit certain assets, and fined $6,000. Both Hart and White were released from custody pending the outcome of this appeal.

## DISCUSSION

### I. Subject Matter Jurisdiction

■ We review questions of subject matter jurisdiction *de novo. See Dew v. United States,* 192 F.3d 366, 371 (2d Cir. 1999).

■ With certain exceptions to be discussed below, federal laws of general applicability are presumed to apply to American Indians, regardless of whether they reside on or off a reservation. *See Reich v. Mashantucket Sand & Gravel,* 95 F.3d 174, 177 (2d Cir.1996). Thus, for example, it is well settled that American Indians are subject to the federal income tax. *See Squire v. Capoeman,* 351 U.S. 1, 6, 76 S.Ct. 611, 100 L.Ed. 883 (1956) ("Indians are citizens and . . . in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens.").

■ Defendants maintain that they were not required to file Form 8300 re-

ports because their cash transactions fell under one of the four exceptions to the reporting requirement that are specified in subsection (d) of 26 C.F.R. § 1.6050I–1, specifically, subsection (d)(4), which is entitled, "Receipt is made with respect to a foreign cash transaction." Subsection (d)(4)(ii) defines this as the " 'foreign transaction exception.' " The exception provides as follows:

> Generally, there is no requirement to report with respect to a cash transaction if the entire transaction occurs outside the United States (the fifty states and the District of Columbia). An entire transaction consists of both the transaction . . . and the receipt of cash by the recipient. If, however, any part of an entire transaction occurs in the Commonwealth of Puerto Rico or a possession or territory of the United States and the recipient of cash in that transaction is subject to the general jurisdiction of the Internal Revenue Service under title 26 of the United States Code, the recipient is required to report the transaction under this section.

26 C.F.R. § 1.6050I–1(d)(4)(i).[2] Defendants contend that because (1) the transactions for which they were prosecuted "remained exclusively within the boundary of the St. Regis Mohawk Indian Reservation," and (2) the Reservation "is [neither] a state . . . [nor] Washington D.C., nor . . . a territory or possession of the United States," the transactions in question qualified for the "foreign transaction exception."

■ This argument rests on a fundamental misreading of Section 1.6050I–1(d)(4). Section 1.6050I–1(d)(4) exempts from the reporting requirement transactions that take place completely "outside the United States" in foreign places. The fifty states and the District of Columbia are obviously part of the United States. So too are Puerto Rico and the possessions

---

**2.** This exception derives from 26 U.S.C. § 6050I(c)(2), which provides that "[e]xcept to the extent provided in regulations prescribed by the Secretary, [the reporting requirement of Section 6050I(a) ] shall not apply to any transaction if the entire transaction occurs outside the United States."

and territories of the United States. Hence, the question is not whether an American Indian reservation *is* one of the fifty states, the District of Columbia, Puerto Rico, or a possession or territory of the United States, but whether an American Indian reservation is *located* "outside the United States." It is well settled that American Indian reservations have been "incorporat[ed] within the territory of the United States," *United States v. Wheeler,* 435 U.S. 313, 323, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), and thus are not foreign territory, *see Washington v. Confederated Tribes of the Colville Indian Reservation,* 447 U.S. 134, 165, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980) (Brennan, J., concurring in part, dissenting in part) ("While they are sovereign for some purposes, it is now clear that Indian reservations do not partake of the full territorial sovereignty of States or foreign countries."); ˙ *United States v. Wadena,* 152 F.3d 831, 847 (8th Cir.1998), *cert. denied,* 526 U.S. 1050, 119 S.Ct. 1355, 143 L.Ed.2d 517 (1999); ("[T]ribal governments are dependent sovereigns—not independent foreign ones."); *White v. Califano,* 437 F.Supp. 543, 547 (D.S.D.1977) ("The Indian tribes have vestiges of sovereignty which must be guarded carefully, but reservations are not analogous to foreign states."), *aff'd,* 581 F.2d 697 (8th Cir.1978). Because American Indian reservations are not outside the United States, we hold that such reservations—more specifically, the portions of such reservations located within the territorial boundaries of the United States—are not exempted from Section 6050I's reporting requirement by the "foreign transaction exception" of Section 1.6050I–1(d)(4). *Cf. Cross v. Commissioner of Internal Revenue,* 98 T.C. 613, 615, 1992 WL 103650 (1992) (rejecting American Indian taxpayer's reliance on 26 U.S.C. § 6213(a), which grants "person[s] outside the United States" additional time to appeal a notice of deficiency, on ground that his "reservation is unquestionably physically located wholly inside the boundaries of Washington State and thus the United States").

This holding is reinforced by application to Section 6050I of this Court's test for determining whether a federal statute of general applicability applies to American Indians.[3] In *Reich v. Mashantucket Sand & Gravel,* this Court adopted the Ninth Circuit's test for determining whether "a general statute in terms applying to all persons includes Indians and their property interests." 95 F.3d 174, 177 (2d Cir. 1996) (internal quotation marks omitted). Under this approach,

> [a] federal statute of general applicability that is silent on the issue of applicability to Indian tribes will ... apply to them ... [unless]: (1) the law touches "exclusive rights of self-governance in purely intramural matters"; (2) the application of the law to the tribe would "abrogate rights guaranteed by Indian treaties"; or (3) there is proof "by legislative history or some other means that Congress intended [the law] not to apply to Indians on their reservations."

*Id.* (quoting *Donovan v. Coeur d'Alene Tribal Farm,* 751 F.2d 1113, 1116 (9th Cir.1985)) (third brackets in original).

Applying this test to Section 6050I, the first question is whether the statute "touches exclusive rights of self-governance in purely intramural matters." " 'Purely intramural matters' generally involve matters such as tribal membership, inheritance rules, and domestic relations." *Reich,* 95 F.3d at 179. Defendants do not argue, let alone establish, for example, that application of Section 6050I to Indians "threatens [a] [t]ribe's ability to govern" tribal membership, tribal inheritance, and/or tribal domestic relations. *Id.* (internal quotation marks omitted). Second, defendants fail to establish that the statute would "abrogate rights guaranteed by Indian treaties." Finally, the legislative history of Section 6050I is devoid of any indication that Congress intended that it

---

**3.** Section 6050I(a) is a statute of general applicability because it applies by its terms to "[a]ny person."

not apply to Indians, whether on or off the reservation. *See* H.R.Rep. No. 98–432 (1984); H.R. Conf. Rep. No. 98–861 (1984). As defendants have failed to establish that Section 6050I falls within any of the three *Reich* exceptions, it follows that Section 6050I is applicable to defendants.[4]

In sum, we hold that, even assuming that the transactions for which defendants were prosecuted took place exclusively within the territory of the St. Regis Mohawk Indian Reservation, defendants were required by Section 6050I to report those transactions to the IRS.

## II. *Mens Rea*

Defendants argue in the alternative that, even assuming that Section 6050I applies to the transactions in question, the respective Informations to which they pled guilty should be dismissed because they did not *willfully* violate the reporting requirements of Section 6050I. The Government responds that defendants waived this argument upon entry of their respective conditional guilty pleas to the charged violations of Section 6050I. We agree. *See Hayle v. United States*, 815 F.2d 879, 881 (2d Cir.1987) ("It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the Court's jurisdiction.") (internal citation omitted). To be sure, the district court below approved reservation of an issue for appeal, but it was not the issue of whether defendants willfully violated Section 6050I. Rather, it was the issue of whether this section applies to transactions that occurred exclusively within the Reservation.

## CONCLUSION

For the reasons discussed, defendants' respective judgments of conviction and sentence are affirmed.

---

4. We note that, in *United States v. Markiewicz*, this Court held that criminal statutes concerning (i) Indian on Indian offenses occurring on Indian reservations, and (ii) offenses other than the 13 offenses enumerated in the Indian Major Crimes Act, 18 U.S.C. § 1153, apply to Indians, provided that the offenses are ones " 'as to which there is an independent federal interest to be protected.' " 978 F.2d 786, 800 (2d Cir.1992) (quoting *United States v. Wheeler*, 435 U.S. 313, 331 n. 32, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978)). Defendants appear to refer to this test when they contend that the transactions for which they were prosecuted "were exclusively between and among Indians on Indian land." This contention, however, is insufficient to require application of the *Markiewicz* test. Defendants were not prose-cuted for engaging in business transactions with other Indians. Indeed, they were not prosecuted for *any* Indian–on–Indian offense. The only possible victim of a violation of Section 6050I is the United States itself.

Furthermore, even if it were appropriate to apply the *Markiewicz* test to this case, such application would yield the result that these statutes were applicable to defendants' conduct on the ground that they protect independent federal interests, namely, the federal government's interest in discouraging money laundering and collecting tax revenues. *See Bickham Lincoln–Mercury Inc. v. United States*, 168 F.3d 790, 793 (5th Cir.1999) ("The purpose of [Section 6050I's] reporting requirement is to detect money laundering schemes.").