05-4285-cr
United States v. Day

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: December 11, 2007        Decided: January 15,2008)

Docket Nos. 05-4285-cr(L); 06-5737-cr(CON); 06-5820-cr(CON)

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

            Appellee,

            -v.-

CHRISTOPHER DeMOTT, also known as JOHN MORRIS, also known as RICHARD O'BRIAN, also known as CHRISTOPHER MORRIS, also known as WARDEN JOHN DOE,

            Defendants,

CHRISTOPHER CAMPBELL DAY, also known as KIP,

            Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

     Before:      JACOBS, Chief Judge, POOLER and SACK,
                  Circuit Judges.


     Appeal from a memorandum and order of the United States District Court for the Eastern District of New York (Platt, J.) resentencing defendant principally to 180 months' imprisonment, following his guilty plea to conspiring to distribute and possess with intent to distribute over one

thousand kilograms of marijuana.  By resentencing defendant without providing notice to defendant or his counsel, the court violated defendant's right to be present at resentencing and his right to notice that the court intended to impose an adverse non-Guidelines sentence.  In addition, there was no compliance with 18 U.S.C. § 3553(c), which requires a sentencing judge to state "in open court" the reasons for imposing a particular sentence.  We must therefore vacate the sentence and remand the case for resentencing.  Reassignment is appropriate in these circumstances because the district judge may reasonably be expected to have substantial difficulty ignoring his previous views during a third sentencing proceeding. Moreover, resentencing without eliciting the views of the defendant or the prosecutor bespeaks a lack of receptivity to their views and arguments.  The sentence is VACATED and the case REMANDED for resentencing with instructions to reassign the case.

NORMAN TRABULUS, New York, NY, for Defendant-Appellant.

BURTON T. RYAN, Assistant United States Attorney (Peter A. Norling, of counsel; Roslynn B. Mauskopf, United States

2

Attorney, Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee.

PER CURIAM:

Christopher Campbell Day pled guilty to conspiring to distribute and possess with intent to distribute over one thousand kilograms of marijuana. He appeals from a memorandum and order of the United States District Court for the Eastern District of New York (Platt, J.) resentencing him, after a remand, to the same term of 180 months' imprisonment. By resentencing Day without providing notice to Day or his counsel, the district judge violated Day's right to be present at resentencing and his right to notice that the court intended to impose an adverse non-Guidelines sentence. In addition, by providing only a written sentencing explanation in the form of a memorandum and order, the district judge neglected 18 U.S.C. § 3553(c), which requires a sentencing judge to state "in open court" the reasons for imposing a particular sentence. Consequently, we vacate the sentence and remand the case for resentencing by a different judge. Reassignment is appropriate because the district judge may reasonably be

3

expected to have substantial difficulty ignoring his previous views during a third sentencing proceeding. Moreover, resentencing without eliciting the views of the defendant or the prosecutor bespeaks a lack of receptivity to their views and arguments.

**BACKGROUND**

Day pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one thousand kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The district court initially sentenced Day to 180 months' imprisonment, the combined total of the statutory minimum sentence for each count. We vacated and remanded for resentencing because the district court erroneously believed that the two minimum sentences must run consecutively, and because we were unable to discern from the record whether the court would have imposed the same sentence had it not misapprehended the law. See United States v. Day, 201 F. App'x. 27 (2d Cir. 2006). On

November 28, 2006, without notice to Day or the presence of Day or his counsel, the district court filed a memorandum and order resentencing Day to 180 months' imprisonment.

**DISCUSSION**

**I**

The parties agree that the judgment should be vacated and the case remanded for resentencing because the district court violated Day's right to be present at resentencing, his right to counsel at resentencing, and his right to notice that the court intended to impose an adverse non-Guidelines sentence. They also agree that the district court failed to comply with 18 U.S.C. § 3553(c), which requires a sentencing judge to state "in open court" the reasons for imposing a particular sentence.

The parties are correct. "[A] defendant has a constitutional right to be present [during resentencing], because technically a new sentence is being imposed in place of the vacated sentence." United States v. Arrous, 320 F.3d 355, 359 (2d Cir. 2003) (citation omitted). The denial of this right is subject to harmless error review, id. at 361, but such error is harmless only where it is "unimportant and

5

insignificant" in the context of the case, such as where the new sentence is "less onerous than the original sentence" or where "defendant's presence would not have affected the outcome." Id. Since a new sentence was imposed out of the presence of the defendant, his lawyer, and the prosecutor, we cannot confidently decide that there has been no harm.

Under Fed. R. Crim. P. 32(i)(1)(C), "a district court [must] provide a defendant with notice of its intent to impose an adverse non-Guidelines sentence and an opportunity to challenge the grounds for such a sentence"; failure to provide such notice amounts to plain error. United States v. Gilmore, 471 F.3d 64, 66-67 (2d Cir. 2006) (per curiam) (citing United States v. Anati, 457 F.3d 233 (2d Cir. 2006)). The district court therefore committed plain error by failing to inform Day of its intent to impose an adverse non-Guidelines sentence.

Finally, the district court's written sentencing explanation does not satisfy 18 U.S.C. § 3553(c), which requires a sentencing judge to state the reasons for imposing a particular sentence "in open court." See United States v. Lewis, 424 F.3d 239, 248-49 (2d Cir. 2005) (treating § 3553(c) errors as plain errors). We therefore

6

vacate the sentence and remand for resentencing.

## II

Day asserts that the district court erred in its Guidelines calculation and improperly withheld "safety valve" relief. The government has agreed to allow Day to make an additional safety valve proffer prior to a second resentencing. The district court, which will hear new evidence on this issue, should have the opportunity to consider these issues in the first instance on remand. In so doing, the court will bear in mind that the fifth requirement for safety valve relief--"the defendant has truthfully provided to the Government all information and evidence . . . concerning the offense . . .," 18 U.S.C. § 3553(f)(5)--requires that the sentencing judge "mak[e] a factual finding as to whether the defendant has made a complete and truthful proffer . . .," United States v. Jeffers, 329 F.3d 94, 100 (2d Cir. 2003), and not rely entirely on the withdrawal of the government's § 5K1.1 letter.

## III

Day argues that the case should be reassigned on remand to a different sentencing judge because Judge Platt firmly believes that a sentence of 180 months' imprisonment is appropriate in this case. The government argues that there is no evidence that Judge Platt is personally biased against Day and that the memorandum and order set forth a reasonable basis for the sentence.

Three considerations listed in United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam), are useful in deciding whether to reassign a case on remand: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous[,] . . . (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." Id.

Reassignment is appropriate in the present circumstances. "[I]t is not unprecedented for a case to be remanded to a different judge after a district court has twice used an improper sentencing procedure." United States

8

v. Hirliman, 503 F.3d 212, 216 (2d Cir. 2007) (citing United States v. Brown, 470 F.2d 285, 288-89 (2d Cir. 1972)). Having reimposed an identical sentence after the first remand, the district judge may reasonably be expected to have substantial difficulty ignoring his previous views during a third sentencing proceeding. Moreover, resentencing without eliciting the views of the defendant or the prosecutor bespeaks a lack of receptivity to their views and arguments. We cannot find on this record that Judge Platt is personally biased against Day; but an objective observer might nonetheless question his impartiality. See United States v. Londono, 100 F.3d 236, 242 (2d Cir. 1996) ("To reassign a case on remand, we need only find that the facts might reasonably cause an objective observer to question [the judge's] impartiality . . . ." (citations and internal quotation marks omitted) (alteration in original)). Moreover, reassignment would not waste substantial judicial resources because the sentencing followed a plea. See Robin, 553 F.2d at 11 ("A judge who has presided over a lengthy trial often gains an intimate insight into the circumstances of the defendant's crime, which may prove uniquely useful in determining the sentence to be imposed,

whereas no such reason would normally exist upon sentencing after a guilty plea."). Accordingly, we direct that further proceedings be assigned to a different judge.

## CONCLUSION

We **VACATE** the sentence and **REMAND** for resentencing, with instructions to reassign the case to a different judge.

10