**Jose Mourao NETO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**[1]

**No. 08–3009–ag.**

United States Court of Appeals, Second Circuit.

April 29, 2009.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, Gregory G. Katsas, Assistant Attorney General, Civil Division, and Blair T. O'Connor, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Petitioner Jose Mourao Neto, a native and citizen of Brazil, seeks review of the May 20, 2008 order of the BIA denying his motion for remand and dismissing his appeal from the March 13, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, which denied Neto's application for cancellation of removal based on exceptional and extremely unusual hardship to his U.S. citizen children. *In re Neto,* No. A 98 300 304 (B.I.A. May 20, 2008), *aff'g* No. A 98 300 304 (Immig. Ct. Hartford, Conn. Mar. 13, 2007). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Where the BIA agrees with the IJ's conclusion and emphasizes particular aspects of the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review jurisdictional issues *de novo. United States v. White,* 237 F.3d 170, 172 (2d Cir.2001).

Neto first seeks review of the BIA's finding that he did not "establish[ ] that removal would result in exceptional and extremely unusual hardship" to Neto's U.S. citizen daughter. *See* 8 U.S.C. § 1229b(b)(1)(D). Our jurisdiction to review hardship determinations is constrained. *See Barco–Sandoval v. Gon-*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

*zales,* 516 F.3d 35, 39 (2d Cir.2008). This Court may exercise jurisdiction to review a hardship determination where the determination is made "without rational justification or based on a legally erroneous standard," or where the determination rests on "fact-finding which is flawed by an error of law." *Xiao Ji Chen v. U.S. Dep't of Justice ("Chen II"),* 471 F.3d 315, 329 (2d Cir.2006). Neto's petition does not meet either of these jurisdiction-preserving exceptions, however, and so we are without jurisdiction to review the BIA's hardship determination.

Neto also seeks review of the BIA's denial of his motion to remand for consideration of additional evidence. An applicant seeking remand must meet the same standard that applies to a motion to reopen. *In re Coelho,* 20 I. & N. Dec. 464, 471 (B.I.A.1992). This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005). We conclude that the BIA did not abuse its discretion in denying Neto's motion for remand where Neto failed to show, as required by 8 C.F.R. § 1003.2(c), that the new evidence at issue was unavailable at the time of his previous hearing.

We have reviewed all of Neto's claims. For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.