NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2010[*]
Decided November 22, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2381

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois |
| | |
| *v.* | No. 3:03-CR-30140-001-MJR |
| | |
| PAUL E. PODHORN, JR., | Michael J. Reagan, *Judge.* |
| *Defendant-Appellant.* | |

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2). This appeal has been submitted to the original panel in accordance with Seventh Circuit Internal Operating Procedure 6(b).

**O R D E R**

On December 8, 2008, this court handed down its decision in Paul E. Podhorn, Jr.'s, appeal from his convictions for a variety of offenses, including making false statements in violation of 18 U.S.C. § 1001(a)(2), selling stolen firearms in violation of 18 U.S.C. § 922(j), selling firearms without maintaining proper records in violation of 18 U.S.C. § 922(b)(5), and failing to maintain proper firearm records in violation of 18 U.S.C. § 922(m). *United States v. Podhorn*, 549 F.3d 552 (7th Cir. 2008). We affirmed these convictions, but the majority concluded that the district court erred in calculating Podhorn's advisory sentencing guideline range. In particular, we held that Podhorn should not have received an enhancement under U.S.S.G. § 2K2.1(b)(4), which provides that in calculating offense level, "if any firearm . . . was stolen, increase by two levels." The offense with which Podhorn was charged, 18 U.S.C. § 922(j), already includes as an element the fact that the firearm specified in the indictment was stolen; we reasoned that Application Note 9 to § 2K2.1(b)(4) instructed the court not to impose the enhancement in that situation.

The case then returned to the district court, which decided to hold a status hearing by teleconference to decide how best to proceed. The court invited the attorneys for the government and the defendant to submit memoranda setting forth their position on resentencing. Given the narrow scope of the remand, the court opined that a full-blown sentencing hearing was probably unnecessary, but it added that if Podhorn felt strongly that he wanted to appear in person, the court was willing to consider such a request. The government filed its sentencing memorandum on February 20, 2009. Podhorn's original offense level was a 28, and his criminal history category was I; following this court's decision, the government (agreeing with the district court's preliminary comments) argued that the offense level was now a 26, and the revised guideline range was 63 to 78 months. It recommended a sentence of 71 months, in the middle of that range.

Podhorn did not respond right away with a memorandum on the merits. Instead, on March 6, 2009, his lawyer filed a Motion for Extension of Time and Access to Medical Records. Three days later, Podhorn himself filed a *pro se* motion entitled "Notice of Exercise of Constitutional Right to Appear." The district court struck the latter motion because it was *pro se* and Podhorn was represented by counsel. The government objected to Podhorn's request for medical records, because Podhorn's medical condition was not an issue at re-sentencing, in its view, and thus the records were not required. The district court granted Podhorn's motion for more time, but it denied the motion for medical records. Podhorn submitted his memorandum on resentencing on March 24, 2009. He agreed that the new guideline range was 63 to 78 months, but he urged the court to take his post-conviction

medical condition into account in resentencing. Once again, the court refused, on the understanding that this court's remand limited it to correcting the guidelines computation and eliminating the two-level increase for stolen firearms. More motions were exchanged, but on May 14, 2009, the district court re-sentenced Podhorn in accordance with the position it had taken. It noted that it had selected an 87-month sentence before, which was at the mid-point of Podhorn's old guidelines range of 78 to 97 months. It announced that Podhorn's new sentence would be 70 months, at the midpoint of his new range. Podhorn appealed. He was released from custody on December 16, 2009, but he is still serving his two-year term of supervised release.

Podhorn's new appeal presents two issues: whether the district court erred when it found that his recent medical condition was irrelevant to the resentencing proceeding, and whether he had a right to be physically present at a resentencing hearing. On the first point, Podhorn argues that his "new medical problems amounted to an exception to this Court's stated scope of remand, even if this Court intended to limit the scope of the remand." He assumes that the district court thought that it was unable to consider medical issues that were "extraordinary and unforeseen." He asserts that it was error not to permit him to appear in person because the best source of the new medical information he wanted to introduce was his own testimony. Conceding that this court's decision in *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996), holds that he had no right to be present, he urges us to overrule *Parker* and adopt the position taken by some other courts. See *United States v. Demott*, 513 F.3d 55, 58 (2d Cir. 2008) (holding that there is a right to be present at resentencing, but that denial of the right is subject to harmless error review); *United States v. Faulks*, 201 F.3d 208, 209 (3d Cir. 2000) (holding that the right exists and that its denial was not harmless); and *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991) (distinguishing between modification of an existing sentence, for which no right to be present exists, and imposition of a new sentence, for which there is a right to be present and allocute). The government responds that the scope of our remand was limited and did not invite a full-blown resentencing at which Podhorn's medical conditions had to be considered. Given the narrowness of the remand, it continues, this is not one of the situations in which the defendant's right to be present is triggered.

The district court properly understood our remand as a very limited one. Indeed, our earlier opinion affirmed virtually everything that it did, both with respect its handling of guilt-related issues such as Podhorn's motion to suppress, the jury instructions, and the court's evidentiary rulings, as well as its decisions on all sentencing issues except the one about § 2K2.1(b)(4). We thus do not need to decide whether, in a full resentencing, a defendant is entitled to be present, either in general or for the particular purpose of

introducing new evidence about his health. Here, the court fixed the guideline problem that we had identified and applied exactly the same approach to the resentencing as it had used in the original proceeding – that is, it chose a number at the mid-point of the correct range.

The only evidence Podhorn wanted to introduce in favor of a more lenient sentence related to his medical condition and the difficulty he was having in prison obtaining proper treatment. Although the latter problem has presumably gone away now that Podhorn is no longer in prison and is on supervised release, his argument is still properly before us, because the supervised release would end sooner if he were to prevail. But, as the government points out, a district court is not required to consider mitigating conduct that occurs between the original sentencing and re-sentencing. *United States v. Brick,* 905 F.2d 1092, 1096-97 (7th Cir. 1990). There are other ways in which extraordinary medical conditions can be handled, including through placement in a properly equipped prison facility or through a motion by the Bureau of Prisons made under 18 U.S.C. § 3582(c)(1)(A)(i).

Podhorn's argument about his right to be present founders (as he concedes) on this court's decision in *Parker*. We are not saying that *Parker* applies to every remand for resentencing, no matter how broad or narrow. But when, as *Parker* said, the earlier "opinion identifies a discreet, particular error that can be corrected on remand without the need for redetermination of other issues, the district court is limited to correcting that error." 101 F.3d at 528. It is worth recalling in this case that the district court chose to exercise its sentencing discretion by lowering Podhorn's sentence from 87 months down to 70 months. Nothing precluded the court from deciding that the 87-month term continued to represent a reasonable sentence, even though it was nine months above the corrected advisory guideline range, as long as the court gave an adequate explanation for its rationale. Instead, the court lowered the sentence, after giving Podhorn the opportunity to file a written document that would serve as his allocution on this limited resentencing and learning about his medical problems. Given the nature of this proceeding, we are satisfied that this was enough.

The judgment of the district court is AFFIRMED.