10-5215-cr (L)
United States v. Hernandez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve.

Present:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> DEBRA A. LIVINGSTON,
> > *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                         Nos.    10-5215-cr (Lead)
                                                                               10-5315-cr (Con)

HECTOR HERNANDEZ,

> *Defendant-Appellant*.

_____

For Appellee:               John J. Durham, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

For Defendant-Appellant:          Joyce C. London (Michael A. Young, *on the brief*), Joyce C. London P.C., New York, New York.

_____

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered September 16, 2010, be and hereby is **VACATED**, and the matter **REMANDED**.

Defendant-Appellant Hector Hernandez appeals from a judgment of the United States District Court for the Eastern District of New York, sentencing him on remand from this Court to a term of 384 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 1991, following a jury trial, Hernandez was convicted of four counts related to conspiracies to distribute narcotics, kidnap and assault, commit murder, and use a firearm in a drug trafficking offense. *See United States v. Hernandez*, 604 F.3d 48, 50-51 (2d Cir. 2010). On December 20, 1991, District Judge Thomas C. Platt sentenced Hernandez to 405 months of incarceration, five years of supervised release, a $250,000 fine, and a $200 special assessment. *See id.* at 51. The 405-month sentence reflected a four-level enhancement for Hernandez's leadership role in the offenses that had been included in the pre-sentence report. *See id.*

In December 1993, this Court affirmed the finding of guilt. *See United States v. Rosa*, 11 F.3d 315, 345 (2d Cir. 1993). However, we also found that Judge Platt had made no factual findings to justify the four-level leadership enhancement. "Accordingly, we vacate[d] Hernandez's sentence and remand[ed] for a factual finding on that issue." *Id.* at 344.

The resentencing process did not begin for 15 years—until August 2008. By that point, Hernandez had already served 19 years in prison. While incarcerated, he had maintained a clean disciplinary record, earned a business degree and a diploma in financial planning, tutored other inmates, and received positive performance reports in his prison jobs. *See Hernandez*, 604 F.3d at 53. Hernandez cited to this evidence of rehabilitation and urged Judge Platt to impose a sentence lower than 405 months.

Judge Platt, however, rejected these arguments, asserting that his only obligation on remand was to make a factual finding as to the four-level leadership enhancement. In his Statement of Reasons, he explained that "[t]he action was remanded from the United States Court of Appeals for the sole purpose of placing findings as to the defendant's role in the offenses . . . ." *Id.* at 52. Judge Platt added that, notwithstanding the narrow remand mandate, he had "entertained the motions presented in defendant's sentencing memorandum. All those arguments were denied." *Id.* He reimposed a 405-month sentence on March 27, 2009.

On appeal, we again vacated the sentence. We found that "the district court procedurally erred in failing to consider how intervening developments—in particular, Hernandez's rehabilitation—affected the Section 3553(a) analysis." *Id.* at 53. During the 15 years that elapsed between the issuance of our mandate and the 2009 resentencing, "the law of sentencing substantially evolved, and Hernandez may have undergone a remarkable rehabilitation." *Id.* at 54. We ruled that, in view of these changed circumstances, Judge Platt was obligated to re-sentence Hernandez *de novo*. *See id.* Because Judge Platt had confined his fact finding to evidence bearing on the four-level leadership role enhancement, we held that "[t]his procedural error requires vacatur of the 2009 re-sentencing and remand for a third sentencing proceeding." *Id.* at 55.

Rather than remand to Judge Platt, we directed that the case be reassigned to a different district judge. *See id.* We observed that "Judge Platt has twice imposed a 405-month sentence without making the required findings or without providing the necessary assurance that all of the relevant factors have been considered," *id.* at 56, and we expressed concern that Judge Platt would "'have substantial difficulty ignoring his previous views during a third sentencing proceeding,'" *id.* (quoting *United States v. DeMott*, 513 F.3d 55, 59 (2d Cir. 2008)). We added that "'an objective observer might . . . question [the judge's] impartiality.'" *Id.* (brackets in original) (quoting *DeMott*, 513 F.3d at 59).

On remand, the case was reassigned to District Judge Sandra J. Feuerstein. Upon resentencing, Judge Feuerstein declined to consider the disputed issue whether Hernandez should receive a four-level leadership enhancement. She stated, "In my opinion, Judge Platt clearly and concisely stated the reasoning for the four-level leadership enhancement, and since he was the trial judge and substantiated the enhancement based upon the evidence which was adduced at the trial, I will not revisit that issue . . . ." Judge Feuerstein then imposed a sentence of 384 months. Hernandez appealed.

We conclude that, by declining to revisit the issue and instead accepting Judge Platt's imposition of the four-level leadership enhancement, Judge Feuerstein failed to accord Hernandez a *de novo* resentencing. We directed that the case be reassigned for resentencing because we believed that having a different district judge sentence Hernandez was necessary to preserve "'the appearance of fairness.'" *Hernandez*, 604 F.3d at 56 (quoting *DeMott*, 513 F.3d at 59). The purpose of the reassignment was defeated if the newly assigned judge relied on and adopted the findings of the prior judge. The purpose of our mandate required that the newly

-4-

assigned judge make her own determinations as to all aspects of the sentencing decision. *See*

*United States v. Rigas*, 583 F.3d 108, 118 (2d Cir. 2009); *United States v. Quintieri*, 306 F.3d

1217, 1228 (2d Cir. 2002). We therefore vacate the sentence and remand with instructions to the

district court to conduct a *de novo* resentencing.

Because Hernandez will be resentenced *de novo*, we need not consider his arguments as

to other aspects of the sentence imposed. The judgment of the district court is hereby

**VACATED**, and the matter **REMANDED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK