14-4295-cr
United States v. Jenkins

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand seventeen.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

JOSEPH VINCENT JENKINS,

> *Defendant-Appellant*.

_____

No. 14-4295-cr

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | DANIEL DEMARIA, Merchant Law Group LLP, New York, NY |
| FOR APPELLEE: | RAJIT S. DOSANJH (Tamara Thomson, *on the brief*), Steven D. Clymer, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY |

Appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Suddaby, *Chief Judge*). UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction of the district court except with respect to the substantive reasonable of the sentence, entered November 12, 2014, be AFFIRMED in part and VACATED and REMANDED in part.[1]

Defendant-Appellant Joseph Vincent Jenkins was convicted of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(5)(B) and one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

1. Jenkins contests the district court's subject matter jurisdiction because Canada initiated proceedings against him before the United States. "We review questions of subject matter jurisdiction *de novo.*" *United States v. White*, 237 F.3d 170, 172 (2d Cir. 2001). Under the international comity abstention, a U.S. court is allowed but not obligated to abstain from a case to allow a foreign court to proceed. *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006). Accordingly, the district court had subject-matter jurisdiction and was not required to abstain.

2. Jenkins objects to three statements made by the government in summation. This issue, raised for the first time on appeal, is reviewed for plain error. *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012). We have carefully reviewed the statements in question and see no plain error.

---

[1] A concurrently filed opinion vacates in part and remands for resentencing on grounds that Jenkins's sentence is substantively unreasonable. The remaining issues raised by Jenkins on his appeal are resolved in this summary order. Judge Kearse concurs in this order. She dissents in part from the companion opinion to the extent to which it vacates Jenkins's sentence on the grounds of substantive unreasonableness.

The first statement is the government's misstatement as to which device contained one of the videos. This challenge is unavailing because the government corrected its misstatement later in summation and because the evidence against Jenkins apart from this video was more than sufficient for conviction. *Cf. United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002). Jenkins also contends that the government violated his Fifth Amendment right to remain silent by describing his responses to the Canadian officers investigating him at the border. However, Jenkins did not remain silent but responded to questions posed to him. Consequently the government was entitled to comment on his demeanor while he gave those responses. Furthermore, Jenkins does not argue that he invoked his right to remain silent, or that his responses were involuntary. "[T]he law is settled that statements taken by foreign police in the absence of *Miranda* warnings are admissible if voluntary." *United States v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003). In addition, Jenkins takes issue with the government's portrayal of his sworn statements relating to employees' access to his computer before and after his arrest in Canada as contradictory. Having reviewed the record, we conclude the government's interpretation of these statements was reasonable.

3. Jenkins claims that he received ineffective assistance of counsel. As we have repeatedly held, claims of ineffective assistance are best reserved for proceedings pursuant to 28 U.S.C. § 2255. We see no reason to depart from that procedure here.

4. Jenkins argues that the district court improperly refused to give a missing witness charge for a Canadian investigative official who did not testify at trial. We review this contention for abuse of discretion. *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir. 2004). We see none. The Canadian official was on extended sick leave, and consequently was equally unavailable to both parties. *See*

3

Fed. R. Evid. 804(a)(4). The district court correctly declined to give a missing witness charge. *See United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994).

5. Jenkins asserts that his conviction for both transportation and possession of child pornography violated double jeopardy. Double jeopardy challenges, such as this one, newly raised on appeal are subject to plain error review. *United States v. Polouizzi*, 564 F.3d 142, 154 (2d Cir. 2009). The relevant test here is the "same-elements test," which indicates there is no double jeopardy if "each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993). Jenkins's offenses satisfy this test. On one hand, a possessor of child pornography need not transport it across state or national borders. On the other hand, a transporter of child pornography need not necessarily possess it but may be transporting it on behalf of another individual. For this reason, the district court committed no error, and certainly no plain error, in entering judgments of conviction for both offenses.

6. Jenkins argues his sentence was procedurally unreasonable. A district court commits procedural error when it does not calculate the United States Sentencing Guidelines range, incorrectly calculates this range, fails to consider the factors in 18 U.S.C. § 3553(a), supports its sentence with clearly erroneous factual findings, or fails adequately to explain its chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Jenkins argues the district court erred in its application of the obstruction of justice and the 600+ image enhancements to his sentence. We find no merit in either contention. The Guideline for the obstruction of justice enhancement calls for a defendant's offense level to be increased by two if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and "the obstructive conduct related

4

to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. False testimony is covered by the enhancement. *Id.* § 3C1.1 cmt. 4(B).

Jenkins argues that he did not commit perjury in three parts of his testimony. Having reviewed the record, we readily conclude that Jenkins did perjure himself in one part of his testimony, and, consequently, we do not reach the other two. Since a single instance of perjury is sufficient to trigger the obstruction of justice sentence enhancement, we cannot say that the district court clearly erred in applying it.

We review Jenkins's challenge to the 600+ image enhancement, which increased his offense level by five levels, U.S.S.G. § 2G2.2(b)(7), for plain error. Jenkins's challenges to the enhancement fail to show that the district court committed error. First, he claims that the court was required to independently confirm that at least 600 images were involved, given that only a few images were shown at trial. This argument is unavailing because we have held that a district court satisfies its obligation to make the requisite factual findings when it adopts the factual findings of the Presentence Investigation Report ("PSR") and the PSR's findings are adequate to support a sentence. *See United States v. Highsmith*, 688 F.3d 74, 77-78 (2d Cir. 2012) (per curiam). Here, the court stated that it was adopting the facts stated in the PSR, and the PSR's reference to the Department of Homeland Security's ("DHS") forensic examination was sufficient to support the 600+ image enhancement. Second, Jenkins contends that DHS's count of images on the Toshiba laptop conflicts with the count from the Canadian forensic examination. Having reviewed the record, we see no conflict between the Canadian and DHS examinations because both revealed the presence of numerous images of child pornography on Jenkins's devices. Third, Jenkins argues that some of the files on the Toshiba laptop should not count toward the total number of images because they were

5

not readily accessible to the average user.  This argument is unavailing. Jenkins failed to challenge, even on appeal, the district court's adoption of the PSR's factual finding that there were 3,266 images and ten videos on one of the devices alone.  We have reviewed Jenkins's remaining contentions and conclude that they are without merit.  Accordingly, we AFFIRM the district court's judgment of conviction except with respect to the substantive reasonableness.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk