17-2553-cr
*United States v. Langston*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand eighteen.

Present:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY
> > *Circuit Judges,*
> TIMOTHY C. STANCEU,
> > *Chief Judge, U.S. Court of Int'l Trade.*\*

---

United States of America,

> *Appellee,*

v.                                                                                          17-2553-cr

Nathaniel C. Langston,

> *Defendant-Appellant.*

---

*For Appellee*:                    Douglas M. Pravda, Penelope J. Brady, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

---

\* Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

*For Defendant-Appellant*:    Robert M. Radick, Jane E. Bobet, Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY.

Appeal from a decision and judgment entered August 8, 2017, in the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED** for a new hearing on the charged violations of supervised release.  In addition, for the reasons stated below, on remand the case will be assigned to a different judge.

Nathaniel Langston appeals from the judgment and order of the district court finding that he committed four violations of his supervised release and imposing a sentence based on those violations.  We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

To quote from the Government's brief: "On the facts of this case, the government agrees that the judgment should be vacated and the case remanded for a new hearing at which Langston can receive the effective assistance of counsel." Appellee's Brief at 10.  This is in part the same relief that Langston is seeking, and we agree.  The district court's notice to the parties regarding the August 8, 2017, hearing did not adequately inform Langston that he (and his counsel) needed to be prepared to present his defense at the hearing.  Accordingly, the judgment will be

2

vacated, and the case remanded to the district court for a new hearing on those alleged violations.

With respect to Langston's argument that this Court should order his case reassigned to a different judge, although the Government asserts that is unnecessary and unwarranted, we think it advisable to do so here. In considering whether to order reassignment, we look to:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous[,] . . . (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*United States v. DeMott*, 513 F.3d 55, 59 (2d Cir. 2008) (per curiam) (alterations in original) (citation omitted). Regarding the first factor, the government, in opposing reassignment, argues that there is an insufficient basis to conclude that the district judge could not be fair upon remand. We do not disagree with the government on this point. However, the record on appeal does not require us to conclude that the district judge could not be impartial in conducting the further proceedings we are ordering. *United States v. Johnson*, 850 F.3d 515, 525 (2d Cir. 2017) (reassigning the case where only factors two and three weighed in favor of reassignment). Nevertheless, we take the unusual step of directing reassignment to a different judge for the reason identified in the second factor, which is the institutional interest in ensuring that there will be no basis upon which the impartiality of those proceedings could be questioned. Here, the district judge expressed serious concern that Langston was committing a fraud on the district court, suggested that counsel

3

assisted in that effort, and denied counsel any CJA fees. Further, as we have already detailed, the district court provided inadequate notice regarding Langston's need to present a defense and then proceeded with that hearing over the objections of both Langston and his counsel. In light of these actions, we conclude that the "appearance of justice would best be preserved by reassignment." *United States v. Padilla*, 186 F.3d 136, 142–43 (2d Cir. 1999) (reassigning the case based on the district judge's remarks to counsel and the defendant). Regarding the third factor, we view any duplication required by having a different judge conduct the hearing on revocation of supervised release and reach a new decision to be justified in the interest of preserving the appearance of justice, and we do not deem that duplication so extensive as to outweigh that interest.

The judgment of the district court is **VACATED,** and the case is **REMANDED** for a new hearing on the charged violations of supervised release to be held before a different judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4