14-4295
United States v. Jenkins

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand nineteen.

PRESENT:
　　　　　AMALYA L. KEARSE,
　　　　　DENNIS JACOBS,
　　　　　BARRINGTON D. PARKER,
　　　　　　Circuit Judges.
_____

UNITED STATES OF AMERICA,

　　　　　Appellee,

　-v.-　　　　　　　　　　　　　　　　　14-4295

JOSEPH VINCENT JENKINS,

　　　　　Defendant-Appellant.[1]

_____

_____

[1] The Clerk of Court is directed to amend the caption as stated above.

**FOR UNITED STATES OF AMERICA:** Rajit S. Dosanjh, Assistant United States Attorney, <u>for</u> Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR JOSEPH VINCENT JENKINS:** Lisa A. Peebles, Federal Public Defender, and James P. Egan, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>Ch.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

This sentencing appeal comes to us for the second time.   In his first appeal, Joseph Vincent Jenkins challenged the procedural and substantive reasonableness of his sentence for possession and transportation of child pornography.   We rejected Jenkins' procedural arguments.   <u>See</u> <u>United States v. Jenkins</u>, 687 F. App'x 71, 73-74 (2d Cir. 2017).   However, a majority concluded that 225 months of imprisonment was substantively unreasonable because Jenkins's conduct could not justify a sentence nearly at the statutory maximum. <u>See</u> <u>United States v. Jenkins</u>, 854 F.3d 181, 187-94 (2017) ("<u>Jenkins I</u>").   The panel also ruled (unanimously) that the conditions of supervised release were unreasonable.   The sentence was vacated, and the case remanded for resentencing to the United States District Court for the Northern District of New York (Suddaby, <u>Ch.J.</u>).

On remand, Jenkins was resentenced principally to 200 months' imprisonment and 25 years' supervised release, with slightly modified conditions.   Jenkins appeals this sentence.   We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

Jenkins I rejected as baseless the district court's conclusion that Jenkins was a high risk to reoffend; for all the record showed, Jenkins "never spoke to, much less approached or touched, a child." Jenkins I, 854 F.3d at 192 (noting that there was no "record of previous convictions or previous attempts to harm children"). On remand for resentencing, the district court characterized as an "assumption" that Jenkins was a first-time offender; the court was "unwilling to make such conclusions." JA 272. The judge cited studies showing that sexual offenses against children are underreported, and that the actual rate of offenders' criminally sexually dangerous behavior is higher than the known rate. The court highlighted personality traits identified in Jenkins's competency report as supposedly correlated with sexually dangerous behavior, and observed that "[e]xisting studies have yielded inconsistent findings concerning the prevalence rate of sex offending by non-production offenders." JA 275-76.

These statistics and studies, according to the district court, show that "caution should be exercised when concluding that someone has never committed another sex offending behavior": "[w]ithout polygraph testing, we will likely never know more about Mr. Jenkins' offense conduct or his sex offending history." JA 275-76. The district court thus deduced that it was likely that Jenkins had committed a prior--undetected--sex offense, that he therefore had a high risk of recidivism, and that a lengthy sentence was justified. Jenkins argues that the district court's assumption that he had committed a prior sex offense was error.

The offense of conviction is Jenkins's possession and transport of thumb drives and laptops containing child pornography. He transported the files for his own purposes as he traveled to his parents' vacation home in Canada. There is no evidence that Jenkins has committed any other sex offense. See Jenkins I, 854 F.3d at 192. At trial, the Government supplied a photo of Jenkins with an "unidentified young girl," JA 272, but there is nothing compromising about the photo, and the girl is Jenkins's niece. In any event, the district judge did not rely on this photo, and based the finding that Jenkins had committed prior sexual offenses almost exclusively on studies and statistics about sexually deviant behaviors among child pornography offenders. This was error. See United

States v. Lee, 818 F.2d 1052, 1057 (2d Cir. 1987) (facts used at sentencing must be found by a preponderance of the evidence); see also United States v. Cossey, 632 F.3d 82, 88-89 (2d Cir. 2011) (finding plain error and remanding to a new district judge for re-sentencing in a child pornography case when the district court relied on an unsupported theory, not found in the record evidence, that the defendant was likely to re-offend based on his genetic makeup); see also United States v. Dorvee, 616 F.3d 174, 183-84 (2d Cir. 2010) ("[W]e are troubled by the district court's apparent assumption that [the defendant] was likely to actually sexually assault a child, a view unsupported by the record evidence yet one that plainly motivated the court's perceived need 'to protect the public from further crimes of the defendant.'" (citation omitted)); United States v. Juwa, 508 F.3d 694, 700-01 (2d Cir. 2007) (determining that if "the district court sentenced [the defendant] in reliance on the assumption that [he] had sexually abused a minor on more than one occasion, this reliance was improper . . . . [because] [f]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere allegation" (internal citations and quotation marks omitted)).

Judges may of course consider statistics and studies to estimate the likelihood that a defendant will reoffend; but here the district judge used statistics and studies to presume that Jenkins had actually committed prior sexual offenses, and relied on that assumption to lengthen Jenkins's sentence. If this were right, there would be no more first-time offenders. Moreover, by refusing to accept that the record reflected a clean past, the district court impermissibly placed the burden on Jenkins to prove that he had never committed another offense, with the suggestion that defendants might do so by submitting to a polygraph test.

Accordingly, we conclude that the district court procedurally erred by presuming that Jenkins must have committed one or more prior sexual offenses, and by factoring that presumption into Jenkins's risk of recidivism.

Jenkins's sentence must be vacated and the case remanded for a re-sentencing. We further exercise our "considerable discretion" to re-assign the re-sentencing to a different district court judge. United States v. Hernandez, 604

F.3d 48, 55 (2d Cir. 2010).   Judge Suddaby candidly disagreed with our conclusions in <u>Jenkins I</u>, and therefore "would reasonably be expected upon remand to have substantial difficulty in putting out of . . . mind previously-expressed views or findings determined to be erroneous."   <u>United States v. DeMott</u>, 513 F.3d 55, 59 (2d Cir. 2008) (per curiam) (quotation marks omitted) (alterations in original).

Because we conclude that vacatur is required on this ground, we decline to address Jenkins's other arguments regarding the procedural and substantive reasonableness of his sentence and conditions of supervised release.   For the foregoing reasons, we **VACATE** the judgment and **REMAND** for a re-sentencing before a different district judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court